**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MUKHAMMADJON MAKHMUDOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1526-G** |
| | ) | |
| **TODD BLANCHE, Attorney General of the United States, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

## ORDER

On January 20, 2026, Petitioner Mukhammadjon Makhmudov filed an Amended Petition for Writ of Habeas Corpus (Doc. No. 7), challenging his detention by U.S. Immigration and Customs Enforcement pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review. Petitioner also filed an Amended Motion for Temporary Restraining Order (Doc. No. 8). Certain Respondents filed a combined Answer to the Amended Petition and Response to the Amended Motion for Temporary Restraining Order (Doc. No. 11), to which Petitioner replied (Doc. No. 12).

---

[1] Todd Blanche, the current Attorney General of the United States, David J. Venturella, Acting Director of Immigration and Customs Enforcement, Markwayne Mullin, Secretary of the Department of Homeland Security, and Chris Gantt, Warden of Cimarron Correctional Facility, are hereby substituted as respondents for Pamela Bondi, Todd Lyons, Kristi Noem, and Scarlet Grant, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing Respondents are: Russell Holt, Chicago Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE"/"ERO"); Joshua Johnson, Dallas Field Office Director, ICE/ERO; Acting Director Venturella; ICE; Secretary Mullin; and the U.S. Department of Homeland Security.

Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 18) with an effective date of March 11, 2026, in which she recommended that the Amended Petition and Amended Motion be granted in part, with Respondents ordered to immediately release Petitioner and enjoined "from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker." *Id.* at 33. Respondents filed an Objection (Doc. No. 14) to the R. & R., to which Petitioner responded (Doc. No. 16).

The Court must make a de novo determination of the portions of the R. & R. to which specific objections have been made, and the Court may accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

*I. Background*

The factual background set forth in the R. & R. is not contested by either party. Petitioner is a "citizen of Uzbekistan" who entered the United States on April 18, 2023. R. & R. at 3. Petitioner "was threatened by the Uzbek government for his political beliefs," and, in May 2023, he applied for asylum. *See id.*; Am. Pet. ¶¶ 51, 55. Petitioner was released from ICE custody and provided with an employment authorization document. R. & R. at 3 & n.6.

ICE took Petitioner into custody again in November 2025, and Petitioner is currently held at Cimarron Correctional Facility in Cushing, Oklahoma. *See id.* at 3; Answer at 19. Petitioner has been charged in Immigration Court with entering the United States without inspection pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). R. & R. at 3. While in ICE custody, Petitioner requested a "bond redetermination hearing," but an Immigration Judge

"determined the [Immigration] court lacked jurisdiction to hear Petitioner's request" in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, in accordance with 8 U.S.C. § 1225(b)(2)(A), noncitizens who have entered the United States without admission or parole are ineligible for a bond hearing. *See id.*; Am. Pet. ¶¶ 59-61.[2]

As relevant here, Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and related regulations. *See* Am. Pet. ¶¶ 84-91.

*II. The Report and Recommendation*

After concluding that the Court has jurisdiction to consider Petitioner's claims, Judge Mitchell determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 7-10, 13-24. Accordingly, Judge Mitchell concluded that Petitioner is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). *See id.* at 24.

Respondents object, arguing that the R. & R. erroneously concluded that § 1225(b)(2)(A) did not apply to Petitioner by misinterpreting the phrase "seeking admission" to limit application of the provision to individuals entering at the border of the United States. Resp'ts' Obj. at 2-12.

---

[2] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

Following the issuance of the R. & R. and the submission of Respondents' Objection and Petitioner's Response, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Am. Pet. ¶¶ 52, 57; *Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Am. Pet. ¶¶ 59-61. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[3]

[3] Because the Court finds that habeas relief is warranted on Petitioner's statutory claim, the Court need not address his remaining claims. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026); *Khatri v. Gantt*, No. CIV-26-1637-J, 2026 WL 2211807, at *3 (W.D. Okla. July 31, 2026), *adopted*, 2026 WL 2296495 (W.D. Okla. Aug. 10, 2026).

## CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 18) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 7) is GRANTED as to Petitioner's claim for relief based upon violation of the INA.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's Motions (Doc. Nos. 2, 6, 8, 19, 20) are DENIED as moot;

4. The previous R. & R. (Doc. No. 13) is DEEMED withdrawn; and

5. Petitioner's remaining claims for relief are DISMISSED without prejudice.

6. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

7. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 23rd day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge